**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **Intirion Corporation,** | Civil Action No.   6:22-cv-00459 |
| Plaintiff, | |
| v. | Jury Trial Demanded |
| **College Products, Inc.,** | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Intirion Corporation ("Plaintiff"), through its attorneys, for its Complaint for Patent Infringement against College Products, Inc. ("Defendant") alleges the following:

### I.  NATURE OF THE ACTION

1.      This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq., including §§ 271, 281, 284, and 285.

### II.  PARTIES

2.      Plaintiff Intirion Corporation is a corporation organized and existing under the laws of Delaware and maintains its principal place of business at 2 Annette Road, Suite 3, Foxboro, MA 02035.

3.      Defendant College Products is a corporation organized and existing under the laws of Iowa and on information and belief maintains its principal place of business at 1400 W. 1st Street, Sioux City, IA 51103. Defendant's registered agent is located at 815 Brazos Street, Suite 500, Austin, TX 78701.

1

### III.  JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the patent laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 284, and 285.

5.      This Court has exclusive subject matter jurisdiction over this action for patent infringement pursuant to 28 USC § 1331 and § 1338(a).

6.      This Court has specific and general personal jurisdiction over Defendant pursuant to due process and/or the Texas Long Arm Statute, because Defendant has committed acts giving rise to this action within Texas and within this judicial district. The Court's exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice because Defendant has established minimum contacts with the forum. For example, on information and belief, Defendant has committed acts of infringement throughout Texas and in this judicial district, by among other things, selling and leasing - and offering for sale and lease -products that infringe the asserted patents, directly or through intermediaries, as alleged herein.

7.      Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§1391 and/or 1400(b). Venue is proper in this District under 28 USC § 1400(b) because Defendant is registered to do business in Texas, Defendant's registered agent is located in the Western District of Texas, Defendant has a regular and established place of business in this District, and Defendant has committed acts of patent infringement in this District. Moreover, Defendant has employees and/or agents physically present in this judicial district who perform acts for, on behalf of, with the consent of, and/or under the direction of Defendant.

### IV.  PATENTS IN SUIT

8.      Plaintiff is the owner by assignment of all right, title and interest in United States Patent Nos. 11,274,876; 10,495,374; 9,791,206; and 9,657,974 (the "Patents in Suit"), including

all rights to enforce and prosecute all causes for actions rising under the Patents in Suit, the right to any remedies for infringement on the Patents in Suit, and the right to collect damages for all relevant times against infringers of the Patents in Suit.  Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement by Defendant of the Patents in Suit.

9.     Each of the Patents in Suit relates to the construction and operation of a microwave/mini-refrigerator combination appliance. The patented appliance automatically coordinates the operation of the microwave and the refrigerator so that both cannot be operated at the same time, which would cause excessive power draw.  The patented appliance includes a smoke sensor that shuts off the microwave cooking element when smoke is sensed inside the microwave.  This avoids setting off smoke alarms.  The patented appliance also includes USB ports that can be used to charge electronic devices.

10.     Plaintiff designs, manufactures, distributes, maintains, and services products incorporating the Patents in Suit throughout the United States, including within this judicial district.

11.     The features of Plaintiff's patented combination appliance products are particularly useful in college dorms and in similar settings.  This is because the patented features prevent excessive power draw that would otherwise trip electrical breakers and cause loss of power to the dorm rooms.

12.     The features of Plaintiffs's patented combination appliance also prevent unnecessary dormitory evacuations that would otherwise result from smoke detectors sensing smoke from burning food items in the microwave ovens. The USB charging ports on Plaintiff's

patented combination appliance also avoids the need for students to use the limited number of electrical outlets in their dorm rooms for phone and laptop chargers.

13.     Because of the benefits of the Patents in Suit, Plaintiff has agreements with colleges and universities throughout the United States, including with colleges and universities in this judicial district, to offer units incorporating the inventions of the Patents in Suit for sale or lease to students for use in their dorm rooms.

### A.  US Patent No. 11,274,876

14.     US Patent No. 11,274,876 (the "876 Patent") is entitled "Multiple Linked Appliance With Auxiliary Outlet" and was duly issued to Plaintiff by the United States Patent and Trademark Office on March 15, 2022.  A true and correct copy of the 876 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

### B.  US Patent No. 10,495,374

15.     US Patent No. 10,495,374 (the "374 Patent") is entitled "Multiple Linked Appliance With Auxiliary Outlet" and was duly issued by the United States Patent and Trademark Office to Plaintiff on December 3, 2019.  A true and correct copy of the 374 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

### C.  US Patent No. 9,791,206

16.     US Patent No. 9,791,206 (the "206 Patent") is entitled "Multiple Linked Appliance With Auxiliary Outlet" and was duly issued by the United States Patent and Trademark Office to Plaintiff on October 17, 2017.  A true and correct copy of the 206 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

**_D. US Patent No. 9,657,974_**

17.      US Patent No. 9,657,974 (the "974 Patent") is entitled "Multiple Linked Appliance With Auxiliary Outlet" and was duly issued by the United States Patent and Trademark Office to Plaintiff on May 23, 2017.  A true and correct copy of the 974 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

## V. THE ACCUSED PRODUCTS

18.      Defendant makes, sells, offers for sale, leases, offers for lease, and/or distributes within the United States, including within this judicial district, products such as, but not limited to, microwave, mini refrigerators, and/or microwave and refrigerator combinations that are sold under the trademarks MicroChill and/or MicroChill 3.2 (the "Accused Products").

19.      The Accused Products infringe the Patents in Suit.  The Defendant has copied Plaintiff's patented features.  Like the Plaintiff's patented combination appliance, the Accused Products are a combination microwave and mini-refrigerator appliance that includes power control circuitry that avoids excessive power draw by automatically preventing both the microwave and refrigerator from operating at the same time.  Defendant also copied Plaintiff's patented smoke sensor technology that stops operation of the microwave cooking element whenever smoke is sensed, to avoid tripping smoke detectors and unnecessary dormitory evacuations.  Defendant also copied Plaintiff's patented USB charging port feature on the front of the microwave oven.

20.      The Accused Products are explicitly marketed to the public, including Plaintiff's customers, as providing the very features that are protected by the Patents in Suit and for the very same purpose – to provide a safe and reliable microwave and mini-refringerator combination appliance. _See Exhibit 5._ Consequently, Defendant's sales and leases of the Accused Products directly competes with and takes business from Plaintiff.

21.     Defendant solicits and enters into agreements to provide the Accused Products to colleges and universities throughout the United States, including within this judicial district. Under the agreements and hoped for agreements with these colleges and universities, the Accused Products are approved for use in dorm rooms, and students buy or lease the Accused Products. Defendant directly installs the Accused Products in the dorm rooms. Defendant also directly provides any necessary maintenance or warranty services for the Accused Products in such dorm rooms. In exchange, Defendant receives all or a portion of the proceeds generated by selling or leasing the Accused Products to the students.

### VI.  COUNT 1:  INFRINGEMENT OF THE 876 PATENT

22.     Plaintiff restates Paragraphs 1 through 21 as if fully rewritten herein.

23.     Defendant has, under 35 USC § 271(a) directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claims 1, 21, 25 and 26 of the 876 Patent, by making, using, offering to sell, selling, leasing, offering to lease, and/or importing the Accused Products into the United States, including within this judicial district.

24.     Defendant continues to directly infringe at least one claim of the 876 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, leasing, offering for lease, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without Plaintiff's authority.

25.     Defendant has sold and/or leased the Accused Products to educational institutions and individuals throughout the United States and in the State of Texas, including in this judicial district, and has induced others to infringe the 876 Patent by using the Accused Products.

6

26.     Defendant has received notice and had actual or constructive knowledge of the 876 Patent since at least the date of service of this Complaint.

27.     Defendant has engaged in infringement by making, using, offering to sell, selling, offering to lease, leasing, and importing into the United States, including in this judicial district, the Accused Products despite having knowledge that the Accused Products infringe the 876 Patent.

28.     Since at least the date of service of this Complaint, through its actions, Defendants have contributed to the infringement of the 876 Patent by having others sell, offer for sale, leasing, offering to lease, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the 876 Patent.

29.     The Accused Products are especially made or adapted for infringing the 876 Patent and have no substantial non-infringing use. For example, in view of the preceding Paragraphs, the Accused Products contain functionality which is material to at least one claim of the 876 Patent.

30.     Plaintiff has been damaged as a result of Defendant's infringement.   Upon information and belief, Defendant will continue to infringe one or more claims of the 876 Patent unless and until it is enjoined by this Court.

## VII.  COUNT 2:  INFRINGEMENT OF 374 PATENT

31.     Plaintiff restates Paragraphs 1 through 30 as if fully rewritten herein.

32.     Defendant has, under 35 USC § 271(a) directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claims 9, 10, 12, 17, 18, and 20 of the 374 Patent, by making, using, offering to sell, selling, leasing, offering to lease, and/or importing into the United States, including within this judicial district, the Accused Products.

33.     Defendant continues to directly infringe at least one claim of the 374 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, leasing, offering for lease, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without Plaintiff's authority.

34.     Defendant has sold and/or leased the Accused Products to educational institutions and individuals throughout the United States and in the State of Texas, including in this judicial district, and has induced others to infringe the 374 Patent by using the Accused Products.

35.     Defendant has received notice and actual or constructive knowledge of the 374 Patent since at least the date of service of this Complaint.

36.     Defendant has engaged in infringement by making, using, offering to sell, selling, leasing, offering to lease, and importing the Accused Products into the United States, including in this judicial district, despite having knowledge that the Accused Products infringe the 374 Patent.

37.     Since at least the date of service of this Complaint, through its actions, Defendant has contributed to the infringement of the 374 Patent by having others sell, offer for sale, selling, leasing, offering to lease, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the 374 Patent.

38.     The Accused Products are especially made or adapted for infringing the 374 Patent and have no substantial non-infringing use. For example, in view of the preceding Paragraphs, the Accused Products contain functionality which is material to at least one claim of the 374 Patent.

39.     Plaintiff has been damaged as a result of Defendant's infringement.  Upon information and belief, Defendant will continue to infringe one or more claims of the 374 Patent unless and until they are enjoined by this Court.

## VIII.  COUNT 3:  INFRINGEMENT OF 206 PATENT

40.     Plaintiff restates Paragraphs 1 through 39 as if fully rewritten herein.

41.     Defendant has, under 35 USC § 271(a) directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claims 9, 10, 11 and 12 of the 206 Patent, by making, using, offering to sell, selling, leasing, offering to lease, and/or importing into the United States, including within this judicial district, the Accused Products.

42.     Defendant continues to directly infringe at least one claim of the 206 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, leasing, offering for lease, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without Plaintiff's authority.

43.     Defendant has sold and/or leased the Accused Products to educational institutions and individuals throughout the United States and in the State of Texas, including in this judicial district, and has induced others to infringe the 206 Patent by using the Accused Products.

44.     Defendant has received notice and actual or constructive knowledge of the 206 Patent since at least the date of service of this Complaint.

45.     Defendant has engaged in infringement by making, using, offering to sell, selling, leasing, offering to lease, and importing the Accused Products into the United States, including in this judicial district, despite having knowledge that the Accused Products infringe the 206 Patent.

46.     Since at least the date of service of this Complaint, through its actions, Defendant has contributed to the infringement of the 206 Patent by having others sell, selling, offer for sale, lease, offering to lease, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the 206 Patent.

47.     The Accused Products are especially made or adapted for infringing the 206 Patent and have no substantial non-infringing use. For example, in view of the preceding Paragraphs, the Accused Products contain functionality which is material to at least one claim of the 206 Patent.

48.     Plaintiff has been damaged as a result of Defendant's infringement.   Upon information and belief, Defendant will continue to infringe one or more claims of the 206 Patent unless and until they are enjoined by this Court.

## IX.  COUNT 4:  INFRINGEMENT OF 974 PATENT

49.     Plaintiff restates Paragraphs 1 through 48 as if fully rewritten herein.

50.     Defendant has, under 35 USC § 271(a) directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claims 1, 7 and 12 of the 974 Patent, by making, using, offering to sell, selling, leasing, offering to lease, and/or importing into the United States, including within this judicial district, the Accused Products.

51.     Defendant continues to directly infringe at least one claim of the 974 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, selling, leasing, offering for lease, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without Plaintiff's authority.

52.     Defendant has sold and/or leased the Accused Products to educational institutions and individuals throughout the United States and in the State of Texas, including in this judicial district, and has induced others to infringe the 974 Patent by using the Accused Products.

53.     Defendant has received notice and actual or constructive knowledge of the 974 Patent since at least the date of service of this Complaint.

54.     Defendant has engaged in infringement by making, using, offering to sell, selling, leasing, offering to lease, and importing the Accused Products into the United States, including in this judicial district, despite having knowledge that the Accused Products infringe the 974 Patent.

55.     Since at least the date of service of this Complaint, through its actions, Defendant has contributed to the infringement of the 974 Patent by having others sell, offer for sale, selling, leasing, offering for lease, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the 974 Patent.

56.     The Accused Products are especially made or adapted for infringing the 974 Patent and have no substantial non-infringing use. For example, in view of the preceding Paragraphs, the Accused Products contain functionality which is material to at least one claim of the 974 Patent.

57.     Plaintiff has been damaged as a result of Defendant's infringement.  Upon information and belief, Defendant will continue to infringe one or more claims of the 974 Patent unless and until they are enjoined by this Court.

## X.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     A judgment that Defendant has directly infringed the Patents in Suit, either literally and/or under the doctrine of equivalents, and continues to directly infringe such Patents in Suit;

B.     A judgment and order requiring Defendant to pay Plaintiff damages for infringement of the Patents in Suit under 35 USC § 284;

C.     A judgment that this is an exceptional case within the meaning of 35 USC § 285 and Plaintiff is therefore entitled to its reasonable attorneys fees incurred in prosecuting this action;

D.     A judgment and order requiring Defendant to pay Plaintiff prejudgment and postjudgment interest on the damages awarded;

E.     A judgment and order awarding a compulsory ongoing royalty be paid by Defendant to Plaintiff;

F.     A judgment and order awarding Plaintiff costs and any disbursements associated with bringing this action;

G.     A judgment granting a preliminary and permanent injunction that restrains and enjoins Defendant, its officers, directors, employees, agents, subsidiaries, successors, assigns and all those in privity with them, or acting in concert with them, from directly or indirectly infringing the Patents in Suit; and

H.     Such other and further relief as the Court deems just and equitable under law or in equity.

## JURY TRIAL DEMANDED

Plaintiff respectfully requests a trial by jury on all issues so triable.

Respectfully submitted,

**BEARD KULTGEN BROPHY BOSTWICK & DICKSON, PLLC**

_____

Dan N. MacLemore
State Bar No. 24037013
Andy McSwain
State Bar No. 13861100
Andrew Schrader
State Bar No. 24062988
Mark E. Firmin
State Bar No. 24099614
Lauren Jaynes Olivarez
State Bar No. 24084275

12

220 South Fourth Street
Waco, Texas 76701
(254) 776-5500 – Telephone
(254) 776-3591 – Fax
maclemore@thetexasfirm.com
mcswain@thetexasfirm.com
schrader@thetexasfirm.com
firmin@thetexasfirm.com
olivarez@thetexasfirm.com
**ATTORNEYS FOR PLAINTIFF**
**INTIRION CORPORATION**