IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **INTIRION CORPORATION,**<br>  **Plaintiff,**<br><br>  *v.*<br><br>**COLLEGE PRODUCTS,**<br>  **Defendant.** | 6:22-cv-00459-ADA |

**MEMORANDUM OPINION & ORDER ON DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR IMPROPER VENUE UNDER
<u>FED. R. CIV. P. 12(B)(3)</u>**

Came on for consideration this date is Defendant's Motion to Dismiss Plaintiff's Complaint for Improper Venue Under Fed. R. Civ. P. 12(B)(3). ECF No. 12 (the "Motion"). Plaintiff Intirion Corporation ("Intirion") filed an opposition to the Motion on February 24, 2023. ECF No. 22. Defendant College Products, Inc. ("College Products") replied on March 3, 2023. ECF No. 23. The Court heard the parties' arguments on the Motion on March 28, 2023, and made an oral ruling on the Motion during the hearing. Consistent with the Court's oral ruling and for the reasons set forth below, College Products' Motion is **DENIED.**

**I. BACKGROUND**

Intirion filed its complaint for patent infringement against College Products on May 6, 2022. ECF No. 1. The Complaint alleges College Products infringes four of Intirion's patents by making and selling the MicroChill systems in the United States. *See id.* The accused MicroChill systems are a combination of a microwave and a refrigerator into a single unit. *Id.* ¶¶18-19. College Products is incorporated in Iowa, and it has its principal place of business at 1400 W. 1st St., Sioux City, IA 51103. *Id.* ¶3; *see also* ECF No. 12-1 ¶3. According to College Products, it has no place of business in Texas. *Id.*, ¶4. It asserts that it (i) does not own any property or equipment

1

in this District, (ii) does not lease any property or equipment in this District, (iii) does not have an office in this District; and (iv) does not have any employees that reside in this District. *Id.*

On September 27, 2022, College Products filed its Motion. ECF No. 12. It argues that no facts demonstrate this District is a proper venue under 28 U.S.C. §1400(b). *Id.* at 1. It asserts that it has never committed an act of infringement in this District because it has never made, used, offered for sale or sold the alleged infringing products in this District. *Id.* College Products further alleges that it does not reside in this District or have a regular and established place of business in this District. *Id.* It does not have any property, employees, or facilities in this District. As such, College Products asks the Court to dismiss Intirion's complaint under Fed. R. Civ. P. 12(b)(3) for improper venue. *Id.* Its Motion is now ripe for judgment.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." Fed. R. Civ. P. 12(b)(3). Section 1400(b) of Title 28 of the U.S.C. is the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). It provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). In matters unique to patent law, Federal Circuit law—rather than the law of the regional circuit—applies. *See In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) (citing *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999)). Whether venue is proper under § 1400(b) is just such an issue, so Federal Circuit law governs the substantive questions. *See In re ZTE (USA) Inc.*, 890 F.3d 1008, 1012 (Fed. Cir. 2018). Procedural questions are, however, governed by regional circuit law. *See Bos. Sci. Corp. v. Cook Grp., Inc.*,

269 F. Supp. 3d 229, 236 (D. Del. 2017) (citing *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 610 (Fed. Cir. 2016)).

When the defendant challenges venue in a patent case, "the Plaintiff bears the burden of establishing proper venue." *Id.* at 1013. Plaintiff may carry its burden by establishing facts that, if taken to be true, establish proper venue. *See Castaneda v. Bradzoil, Inc.*, No. 1:20-CV-1039-RP, 2021 WL 1390423, at *1 (W.D. Tex. Apr. 13, 2021). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Id.* (citing *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (per curiam)). Furthermore, "the Court may look beyond the complaint to evidence submitted by the parties." *Ambraco, Inc. v. Bossclib, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009); *Ginter v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008).

### III. ANALYSIS

Section 1400(b) provides two avenues for establishing venue. First, venue is proper where the defendant resides. There is no dispute that College Products is incorporated in Iowa and therefore, does not reside in this District. *See* ECF No. 12 at 2. Second, venue is proper where the defendant has (a) committed acts of infringement; *and* (b) has a regular and established place of business. The parties dispute whether College Products has committed acts of infringement and whether College Products has a regular and established place of business in this District. ECF No. 22 at 1–2.

As to the first requirement under § 1400(b) regarding an act of infringement, the Complaint alleges that College Products "has committed acts of infringement throughout Texas and in this judicial district, by among other things, selling and leasing - and offering for sale and lease - products that infringe the asserted patents, directly or through intermediaries[.]" ECF No. 1 ¶ 6.

3

The Complaint further alleges that College Products "solicits and enters into agreements to provide the Accused Products to colleges and universities throughout the United States, including within this judicial district." *Id.* ¶ 21.

Regarding the second requirement under § 1400(b), a regular and established place of business in this District, the Complaint alleges that College Products is registered to do business in Texas, its registered agent is in the Western District of Texas, and it has a regular and established place of business in this District. *Id* ¶ 7. Moreover, the Complaint alleges that College Products has employees or agents physically present in this judicial district who perform acts for, on behalf of, with the consent of, or under the direction of College Products. *Id.*

College Products argues it has never committed an alleged act of infringement in this District because it has never made, used, offered for sale, or sold any accused MicroChill product here. ECF No. 12 at 4. It even attaches an affidavit to this effect. ECF No. 12-3. College Products also argues that contrary to Intirion's allegation in its Complaint, College Products has no regular and established place of business in this District, and that Intirion provides no facts to support that allegation. ECF No. 12 at 4. Even if Intirion requested leave to amend its pleading, College Products claims Intirion could not establish that College Products has a regular and established place of business in this District because it "does not have any employees, lease any property, or have an office or other place of business in the District." *Id.* (citing *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *1 (W.D. Tex. June 19, 2020) (Albright, J.). This District is not, College Products argues, a proper venue for Intirion's infringement claims against it.

Intirion asserts that it has established venue because its allegations that College Products has engaged in infringing conduct and its evidence that College Products has a regular place of

4

business in this District are sufficient to deny the Motion. ECF No. 22 at 3. The Court is unconvinced.

### A.     Infringement

Intirion argues that a simple allegation of infringement, even when the defendant denies the allegation, is sufficient to establish venue. ECF No. 22 at 3. Moreover, it asserts that this Court has held that it is sufficient for purposes of establishing venue to allege direct infringement or that a defendant made and continues to make and offered to sell and continues to offer to sell the accused products with the knowledge and specific intent to encourage and facilitate use of such products in a given district. See *TMT Systems, Inc. v. Medtronic, Inc.,* 2021 WL 5316411, at *2 (W.D. Tex. October 19, 2021). But this Court recently held that, in line with the trend among circuit courts, it would not accept a plaintiff's allegations as true where the defendant offers a contradictory affidavit or evidence. See *EMA Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-CV-1001-ADA, 2022 WL 1241967, at *7–8 (W.D. Tex. Apr. 26, 2022).

In *EMA Electromechanics*, this Court explained that in the 12(b)(3) context, "the majority of circuit courts, including the Fifth Circuit, accept" all of the plaintiff's well-pleaded facts as true, "at least initially." *Id.* (citing *Kranos IP Corp. v. Riddell, Inc.*, No. 2:17-cv-443-JRG, 2017 U.S. Dist. LEXIS 138108, at *38 (E.D. Tex. Aug. 28, 2017) (collecting cases)). The Court noted that the trend among circuit courts is to accept well-pleaded facts "only to the extent that such facts are uncontroverted by [a] defendant's affidavit." *Id.* (citing, e.g., *Pierce v. Shorty Small's*, 137 F.3d 1190, 1192 (10th Cir. 1998); *Deb v. Sirva, Inc.*, 832 F.3d 800, 809 (7th Cir. 2016); *Est. of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1239 (11th Cir. 2012); *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012). In *EMA Electromechanics*, the plaintiff similarly argued that its allegation of an act of infringement by the defendant in this District should be sufficient to establish venue, even where the defendant argues otherwise. But the Court did not

accept plaintiff's allegations as true because the defendant offered a contradictory affidavit. *See EMA Electromechanics*, 2022 WL 1241967, at *7–8.

The issue in this case is similar. *See id.* Intirion argues that a simple allegation of infringement is sufficient to establish venue. ECF No. 22 at 3. A defendant's assertion that the accused products do not infringe is not sufficient to contradict plaintiff's allegations. CITE. But College Products does not challenge venue on the ground that the Accused Products are not infringing—it does so by asserting that it has not committed an alleged act of infringement in this District. In making its challenge, College Products offered a sworn declaration by its founder and CEO, Eric Hennings, who asserts that College Products has never made, used, offered for sale, or sold in this District any of the products that Intirion identified in its Complaint. ECF No. 12-1 ¶ 5. Because College Products controverted Intirion's allegations of College Products' contacts with this District, the Court will not accept Intirion's allegations as true but will demand proof from Intirion. Intirion, though, because it was not afforded an evidentiary hearing, need only make a prima facie case that this District is a proper venue. *See EMA Electromechanics*, 2022 WL 1241967, at *7–8.

To support its allegations of acts of infringement in this District, Intirion asserts that College Products has (i) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ within this District; (ii) attempted to sell and/or has sold products containing the infringing technology to entities in this District; and (iii) marketed its allegedly infringing products towards this District. ECF No. 22 at 5. It attempts to make its case through evidence that College Products sent an email to Baylor University in September 2021 allegedly offering for sale the accused MicroChill; that it attended a February 13, 2023 conference for college housing officers in Frisco, Texas, where it had the largest display area

available; and that it ███████  ████████████████████████████

████████████████████████████████ ECF No. 22 at 10–12.

This may constitute a prima facie case that College Products advertises, markets, and promotes the Accused Products in this District. But it is not a prima facie case that College Products has committed acts of infringement in this District. The Federal Circuit has held that "mere advertising and promoting of a product may be nothing more than an invitation for offers." *Grp. One, Ltd. v. Hallmark Cards, Inc.*, 254 F.3d 1041, 1048 (Fed. Cir. 2001); *Smith v. Garlock Equip. Co.*, 658 F. App'x 1017, 1029 (Fed. Cir. 2016); *see also NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1380 (Fed. Cir. 2017) (questioning, in the personal jurisdiction context, whether plaintiff's "infringement claim could arise out of or relate to this advertisement because the advertisement does not appear to expressly offer [the accused product] for sale").

After reviewing the evidence Intirion cites, the Court is not convinced that it suggests anything more than marketing and advertising. The email to Baylor University includes no information on price, such that it could be construed as an offer for sale. *See* ECF No. 22-5. Indeed, it appears to evidence only that College Products sought an invitation to offer its products to students. *See id.* Evidence of College Products attendance at a trade show similarly shows only that it sought to market its products there. Regardless, Frisco is not in this District, so whether is supports Intirion's allegations of an act of infringement is ultimately irrelevant to this Court's venue analysis.[1] Further, the ████████████████████████████ Intirion provides no other

---

[1] The Court also disregards Intirion's arguments and evidence on College Products activities in ████████████████████████ is in the Southern District of Texas, so whether College Products' conduct in ██████████ evidences acts of infringement is irrelevant to the Court's analysis regarding proper venue in this District.

evidence that indicates ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ As such, Intirion's venue argument turns on conduct that cannot reasonably be construed as infringement in this District.

Accordingly, the Court finds Intirion's allegations that College Products has committed acts of infringement in this District insufficient to support venue. Without a single act in this District that could reasonably be alleged to be infringing, venue over College Products in this suit is improper.

### B.     A Regular and Established Place of Business

Even if the conduct cited to by Intirion could be construed as infringement in this District, the Court finds that Intirion also fails to show that College Products has a regular and established place of business here. The Federal Circuit has interpreted a "regular and established place of business" to impose three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Intirion tries to argue that College Products has a regular and established place of business because it has marketed itself as doing business in San Antonio and has represented to clients that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ECF No. 22 at 4–5.

To support its allegations that College Products has a physical place in this District, Intirion offers no other evidence apart from the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ECF No. 22 at 4–5. But as the Court already noted, the ▓▓▓▓ Intirion cites to is ▓▓▓▓ and Intirion provides no other evidence that suggests ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* ECF No. 22-1. A defendant must actively engage in business from the physical location in this District. The ▓▓▓▓▓▓▓▓ without more, does not establish that College Products is actively engaging in business ▓▓▓▓▓▓▓ As to Intirion's argument that College Products marketed itself as doing business at ▓▓▓▓ on its

8

website, the Court is similarly unconvinced that this proves a physical location. *In re Cray Inc.*, 871 F.3d at 1362. Intirion further argues that Edwin Pedraza was ███████████ ████████████████████ evidencing College Products' physical place of business in this District. But Mr. Pedraza provided a declaration averring that ███████████████ ██████████████████████████████████████████ EFC No. 23-1. The Court finds the evidence of Mr. Pedraza's ████████████████████ irrelevant for venue in this District.

Intirion additionally devotes much of its opposition to argue that the Court should not consider any evidence submitted by College Products because it argues that College Products' CEO, Mr. Hennings, included "multiple untrue statements" in his declaration that cast doubt on its credibility, and that he failed to undertake proper investigation to provide venue discovery. *See* ECF No. 22. Intirion asserts that the evidence it provided in support of its venue allegations "when combined with the doubt that must exist about College Products' claims" prove venue is proper. *Id.* at 5. But based on the record before it, the Court is not persuaded by Intirion's arguments. Intirion identifies nothing that evidences that Mr. Hennings lied in his declaration or deposition, at least from what the Court can tell. Intirion was also afforded three months of venue discovery and did not object or seek relief from this Court for what it now claims is College Products' failure to comply with venue discovery.

Accordingly, for those reasons, the Court finds venue over College Products in this suit is improper.

    **C.**    **Transfer in Lieu of Dismissal**

Although neither Intirion nor College Products address in their briefing whether this case should be transferred in lieu of dismissal, the Court may "in the interest of justice," transfer the "case to any district or division in which it could have been brought." 28 U.S.C. § 1406. The Court

concludes that, because College Products is incorporated in Iowa and has its principal place of business in the Northern District of Iowa, this action could have been brought there. *See* 28 U.S.C. § 1400(b). The Court also concludes that such a transfer is in the interest of justice, as during the pendency of this action, College Products filed suit against Intirion seeking a declaratory judgment of invalidity of the patents-in-suit in the Northern District of Iowa. Accordingly, College Products' Motion is **DENIED** and the claims against it will be transferred.

## IV. CONCLUSION

Accordingly, it is therefore **ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint for Improper Venue Under Fed. R. Civ. P. 12(B)(3) (ECF No. 12) is **DENIED to the extent that the entire case be transferred to the Northern District of Iowa**. The Court's Clerk is directed to transfer this case to the Northern District of Iowa.

SIGNED this 10th day of April, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE